IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v().  No. 04-10207-JTM
No. 08-1167-JTM

SAMUEL RUSHIN
Defendant-Appellant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Samuel Rushin's 28 U.S.C. § 2255 motion to vacate, correct, or set aside. (Dkt. No. 74). In support of his motion, Rushin argues ineffective assistance of counsel because defense counsel did not: (1) challenge the legal sufficiency of the indictment; (2) move for dismissal of the indictment based on a violation of the Speedy Trial Act; (3) object to the photograph array; (4) object to the prosecutor's pervasive misconduct; (5) object to the jury charge; (6) argue that the charged robberies constituted a "spree" and thus the § 924© convictions could not be counted as "subsequent" convictions for the purposes of the statute; (7) argue that 18 U.S.C. §1951 was unconstitutional as applied to him; (8) argue that his sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment; and (9) properly conduct plea bargain negotiations. (Dkt. No. 101). The United States filed a response (Dkt. No. 103) and Rushin filed a reply. (Dkt. No. 108).

On February 8, 2005, the United States filed a superseding indictment charging Rushin with the following: (1) six counts of interference with commerce by robbery in violation of 18 U.S.C.

1

§1951; (2) one count of brandishing a firearm during a robbery in violation of 18 U.S.C. § 924(c); (3) one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and (4) five counts of carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). (Dkt. No. 24). On December 7, 2005, a jury convicted Rushin on all counts. (Dkt. No. 48). The probation department prepared a presentence investigation report and determined that Rushin had a total offense level of 25 and a criminal history category of IV. (Dkt. No. 69-1 at 127). The applicable advisory Guidelines range for counts 1, 3, 4, 6, 8, 10 & 12 was found to be 84 to 105 months. (*Id.*). Count 2 required a mandatory minimum sentence of seven years to run consecutively. (*Id.*). Counts 5, 7, 9, 11 & 13 required a mandatory minimum sentence of 25 years to run consecutively. (*Id.*).

This court sentenced Rushin on February 27, 2006, to 139 years (1,668 months) in federal prison, followed by three years of supervised release, and order him to pay $1,770 in restitution. (Dkt. No. 69-1 at 128-30). Rushin filed a timely notice of appeal on March 8, 2006. (Dkt. No. 57). Rushin appealed his case to the Tenth Circuit Court of Appeals, and they affirmed his convictions. (Dkt. No. 73).

28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). "Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief," the court will hold a hearing to determine the issues and make findings of fact and conclusions of law. 28 U.S.C. § 2255(b).

The standard of review of § 2255 petitions is stringent, and the court presumes earlier proceedings were correct. *United States v. Nelson,* 177 F.Supp.2d 1181, 1187 (D. Kan. 2001) (citation omitted). "To prevail, [the] defendant must show a defect in the proceedings which resulted in a 'complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States,* 417 U.S. 333, 346 (1974)). A § 2255 motion is not a substitute for appeal, and relief is not available merely because of error that may have justified reversal on direct appeal. *United States v. Frady,* 456 U.S. 152, 165 (1982); *United States v. Addonizio,* 442 U.S. 178, 184 (1979).

"The Sixth Amendment guarantee of effective assistance of counsel 'demands that defense counsel exercise the skill, judgment and diligence of a reasonably competent defense attorney.'" *United States v. Burch,* 160 F.Supp.2d 1204, 1207 (D.Kan.2001) (quoting *Dyer v. Crisp,* 613 F.2d 275, 278 (10th Cir. 1980) (*en banc*), *cert. denied,* 445 U.S. 945 (1980)). To establish a claim for ineffective assistance of counsel, a defendant must show that: 1) his counsel's performance was constitutionally deficient; and 2) counsel's deficient performance was prejudicial. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Defendant bears the burden of showing that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Counsel's failure must fall below an objective standard of reasonableness. *Id.* at 690. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison,* 477 U.S. 365, 381 (1986) (citations omitted).

A successful claim of ineffective assistance of counsel must meet the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 674 (1984). First, a defendant must show that his

counsel's performance was deficient in that it "fell below an objective standard of reasonableness." *Id.* at 688. Second, a defendant must show that counsel's deficient performance actually prejudiced his defense. *Id.* at 687. To show prejudice, defendant must demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Tenth Circuit has held that "tactical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance." *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995) (quoting *United States v. Ortiz Oliveras*, 717 F.2d 1, 3 (1st Cir. 1983).

Rushin alleges ineffective assistance of counsel based on his attorney's failure to challenge the sufficiency of the indictment. His specific claim is that "with respect to the robbery counts of the indictment, the language in those counts permitted conviction for a crime that was neither the crime expressed in the relevant criminal statute (18 U.S.C. §1951), nor a crime within the power of Congress to punish." (Dkt. No. 101 at 8-9). Rushin maintains that the "attempts or conspires so to do" language in the statute refers to robbery or extortion, and not to obstructing, delaying, or affecting commerce. (Dkt. No. 101 at 9-10). Rushin cites *United States. v. Starks*, 515 F.2d 112 (3d Cir. 1975) in support of his reading of 18 U.S.C. §1951. However, the court in *Starks* held that the indictment was duplicitous because the government in the same count charged both conspiracy and an attempt. (*Starks* at 112). The court is unaware of any legal support for Rushin's interpretation of the "attempt" language in 18 U.S.C. §1951. Rushin's attorney's failure to challenge the sufficiency of the indictment was the result of reasonable professional judgment and did not result in actual prejudice to Rushin.

Next Rushin argues ineffective assistance of counsel based on his attorney's failure to move for a dismissal of the indictment based on a violation of the Speedy Trial Act. Rushin cites *Zedner*

*v. United States*, 547 U.S. 489 (2006) as support for his assertion that "the District Court failed to make adequate on-the-record findings to support the exclusion of each of the days constituting the delay, thus a violation of the Act indeed did occur." (Dkt. No. 101 at 12). The United States correctly points out that all parties followed the legal and customary practice regarding the different continuances. (Dkt. No. 103 at 16). Rushin was convicted on December 7, 2005, and sentenced on February 27, 2006, but *Zednar* was not decided until June 5, 2006. Rushin's counsel was not ineffective for failing to anticipate a future development in the law. *See United States v. Harms*, 371 F.3d 1208, 1212 (10th Cir. 2004). Rushin has not demonstrated that his attorney's performance fell below an objective standard of reasonableness. *Strickland* analysis utilizes a two-prong text, and since Rushin did not meet the first prong, the court find it unnecessary to address the second prong.

Rushin alleges that he received ineffective assistance of counsel based on his attorney's failure to object to the photograph array, but admits he has no authority to support this claim. (Dkt. No. 101 at 14-15). He maintains that "the fairness requirement of the Due Process Clause requires that photographs of suspects be shown in sequential order rather than in an array." (*Id.* at 15). Unsupported allegations, without more, are insufficient to establish prejudice under *Strickland*. *United States v. Hernandez*, 333 F.3d 1168, 1175 (10th Cir. 2003). Rushin's attorney's failure to challenge the photograph array was the result of reasonable professional judgment and did not result in actual prejudice to Rushin.

Next Rushin maintains his counsel was ineffective based on his attorney's failure to object to the prosecutor's pervasive misconduct. He alleges that the prosecutor: 1) misstated the evidence; 2) vouched for witnesses; and 3) withheld evidence. Rushin maintains that "[w]hile the record is rife with examples of prosecutorial misconduct, [he] will herein draw the Court's attention only to

5

the three most egregious examples." (Dkt. No. 101 at 16). He claims the prosecutor misstated the evidence by saying "[i]f Mr. Jackson was the passenger, then Ms. Vulgamore says he's the one that got out with the bag of money." (Dkt. No. 101 at 16). However, Rushin maintains "she said he got out of the car with a bag." (*Id.*). He also claims there are at least three instances of improper witness vouching on the part of the Government. (Dkt. No. 101 at 16-17). The three instances are: 1) use of the term "we" during rebuttal argument; 2) asserting what the evidence from trial showed, arguing that all but one witness who made an in-court identification picked Rushin as the robber and the one who selected Jackson was wrong; 3) asking that the record reflect that a witness 'correctly' identified the defendant Samuel Rushin. (*Id.*). Rushin did not provide legal support for his claim that the prosecutor's actions amounted to pervasive misconduct. In fact, the complained of conduct did not exceed the proper scope of closing argument in summarizing the evidence, and the logical inferences from the evidence. *See United States v. Hooks*, 780 F.2d 1526 (10th Cir. 1986), *cert. denied,* 475 U.S. 1128 (1986). There is no evidence that Rushin's attorney's failure to object to the prosecutor's actions fell below an objective standard of reasonableness or that Rushin was prejudiced by the failure.

Rushin alleges that the prosecutor withheld evidence. (Dkt. No. 101 at 17-18). Specifically he argues that "the Government withheld evidence that would have been favorable and material to a pretrial motion for severance." (*Id*. at 20). The statement at issue is one made by his co-defendant Jackson to Jackson's state probation officer. The statement was that Jackson did not know Rushin was going to rob the store. Rushin's attorney was made aware of the statement by both the prosecution and Jackson's attorney. (Dkt. No. 69-1 at 123-27). Jackson did not testify at trial and the statement was not used at trial. There is no evidence that the prosecutor withheld evidence, or

6

that Rushin's attorney's failure to object to the prosecutor's actions fell below an objective standard of reasonableness, or that Rushin was prejudiced by the failure.

Rushin next claims his counsel was ineffective in failing to object to the jury charge. Specifically Rushin maintains that "the jury charge was constitutionally infirm in two respects." (Dkt. No. 101 at 6). He asserts that "with respect to the jurisdictional element . . . the jury charge . . . stated, '[i]t is not necessary for the government to prove any particular degree or amount of effect on interstate commerce.'" (Dkt. No. 101 at 21). Rushin argues that "a de minimis effect is a particular degree or amount of effect; thus the Court's charge relieved the Government of even having to prove a de minimis effect on commerce." *Id.* In addition, he alleges that the jury charge was in error by saying that "it was sufficient for the government to prove only a 'potential' effect on interstate commerce." (Dkt. No. 101 at 22). Rushin did not provide legal support for his claim that the jury charge was constitutionally infirm. In fact, the jury instruction conformed to Tenth Circuit's pattern jury instructions. *See* 10th Cir., *Criminal Pattern Jury Instructions* No. 2.70 (2005 ed.). There is no evidence that Rushin's attorney's failure to object to the jury charge fell below an objective standard of reasonableness or that Rushin was prejudiced by the failure.

Rushin next alleges ineffective assistance based on his counsel's failure to argue that the charged robberies constituted a 'spree', and that thus the convictions could not be counted as 'subsequent' convictions for the purposes of 18 U.S.C. § 924©. Rushin notes that "[a]t first glance, this claim appears to be foreclosed by the Supreme Court's decision in *Deal v. United States*." (Dkt. No. 101 at 23). However, he proposes that "Congress clearly did not intend for the 'second or subsequent conviction' provision in Section 924© to apply to multiple convictions which were the result of a short criminal spree . . . ." (Dkt. No. 101 at 24). Rushin did not provide any legal support

7

for his claim regarding Congress' intent, nor is the court aware of any such support. § 924© imposes a five-year mandatory minimum for the first violation, and mandatory consecutive sentences of 25 years for each violation thereafter. *See* 18 U.S.C. § 924(c)(1)©; *Deal v. United States*, 508 U.S. 129, 131-137 (1993) (finding that § 924(c)(1)© cannot be read to impose an enhanced sentence only for an offense committed after a previous sentence had become final; sentencing enhancements can be applied in cases where the judgments of conviction are all entered at the same time). Rushin's attorney's failure to allege the 'spree' argument did not fall below an objective standard of reasonableness, and Rushin was not prejudiced by the failure.

Rushin also claim ineffective assistance of counsel based on his attorney's failure to argue that 18 U.S.C. § 1951 was unconstitutional as applied to Rushin. (Dkt. No. 101 at 24). Rushin provides no legal support for this claim. In fact, the Tenth Circuit has upheld the constitutionality of 18 U.S.C. § 1951. *United States v. Bolton*, 68 F.3d 396, 398-99 (10th Cir. 1995), *cert. denied.,* 516 U.S. 1137 (1996). Rushin's attorney's failure to argue that 18 U.S.C. § 1951 was unconstitutional as applied to Rushin, as with Rushin's prior claims, did not fall below an objective standard of reasonableness, and Rushin was not prejudiced by the failure.

Next Rushin alleges that his sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment, but conceded "that the great body of law surrounding the Eighth Amendment disproportionality claims cuts decisively against his claim that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment." (Dkt. No. 101 at 25). He acknowledges that "while armed robbery certainly causes harm to victims and society, the harm that is threatened or caused by a single weekend convenience store robbery spree, committed by a socioeconomically disadvantaged inner city youth, is not so grave as to warrant depriving the

offender of his liberty for the remainder of his natural life." (Dkt. No. 101 at 27). Over the past century the Supreme Court has reviewed Eighth Amendment challenges to a number of state and federal sentences, and has only struck down two of them. *United States v. Angelos*, 433 F.3d 738, 750 (2006). The Tenth Circuit noted that the Supreme Court rejected challenges to a number of lengthy sentences. *Id.* at 750-51. Rushin's case is not an extraordinary case in which the sentences at issue are grossly disproportionate to the crimes for which they were imposed. *See Lockyer v. Andrade*, 538 U.S. 63, 77 (2003). Rushin's attorney's failure to argue that his sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment did not fall below an objective standard of reasonableness, and Rushin was not prejudiced by the failure. The court finds there is no merit to Rushin's Eighth Amendment challenge to his sentence.

Rushin's final assertion is that his attorney did not properly conduct plea negotiations. (Dkt. No. 101 at 7). Rushin alleges that "[t]here are three resects (sic) in which counsel provided constitutionally ineffective assistance relative to the plea negotiations." (Dkt. No. 101 at 29). He maintains that: 1) an offer to plead to one robbery, one 924(c)(1) and felon in possession of a firearm was never conveyed to him; 2) his attorney provided no advice with respect to whether he should accept the plea offer that was transmitted; and 3) if he had seen the statement from co-defendant Jackson that implicated him, he would have accepted the plea offer. (Dkt. No. 101 at 30-31). Rushin notes that "[w]ith minimal effort, counsel could have convinced Rushin that his dreams of acquittal were foolhardy and that he should accept a plea offer." (Dkt. No. 101 at 32).

In cases where counsel fails to convey the government's plea offer, a petitioner may establish the requisite prejudice by demonstrating a "reasonable probability" that if he had been notified of the plea offer, he would have accepted it. *Jones v. Wood,* 114 F.3d 1002, 1012 (9th Cir.1997) (citing

*United States v. Blaylock,* 20 F.3d 1458, 1466-67 (9th Cir. 1994)).  During his sentencing hearing Rushin maintained his innocence to the charged crimes; when this court questioned Rushin he denied that he was guilty of the charges for which he had been tried and convicted, and claimed he committed no robberies.  (Dkt. No. 69-1 at 123-25).  Rushin's attorney told this court that he had informed Rushin of the plea bargain.  (Dkt. No. 69-1 at 126).  Furthermore, Rushin's contention that he would have accepted the plea is implausible in light of his own "steadfast and unmoving claims of innocence." *See Jones,* 114 F.3d at 1012.  There is no evidence to support Rushin's claim that his attorney did not properly conduct plea negotiations. Rushin's attorney's alleged failure to properly conduct plea negotiations did not fall below an objective standard of reasonableness, and Rushin was not prejudiced by the failure.

Rushin's ineffective assistance arguments fail to satisfy the requirements set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  The court finds there is no evidence that his attorney's performance fell below an objective standard of reasonableness or resulted in actual prejudice to Rushin.

IT IS SO ORDERED, this 22nd day of December, 2009, that the Defendant's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. No. 74) is denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE