IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
   Plaintiff,

  vs.                  No. 6:04-cr-10207-JTM-2

SAMUEL R. RUSHIN,
   Defendant.

MEMORANDUM AND ORDER

   This matter is before the court on the defendant-petitioner Samuel Rushin's 28 U.S.C. § 2255 Motion to Vacate (Dkt. 135) the sentence he received in 2006 for multiple counts of robbery, felon in possession of a firearm, and carrying or brandishing a firearm during a crime of violence. (Dkt. 54). Rushin's sentence was affirmed on appeal (Dkt. 73), and a prior § 2255 challenge was denied by this court (Dkt. 109), which in turn was affirmed by the Tenth Circuit in 2011. *United States v. Rushin*, 642 F.3d 299 (10th Cir. 2011). This second motion, which argues that defendant's 18 U.S.C. § 924(c) should be vacated because the underlying Hobbs Act robbery is not a crime of violence as defined under *Johnson v. United States*, 135 S.Ct. 2551 (2015), was authorized by the Tenth Circuit on December 20, 2019 as potentially implicating the more recent decision in *United States v. Davis*, 139 S.Ct. 2319, 2336 (2019). (Dkt. 138).

Following the authorization, the court lifted the stay previously imposed in the case (Dkt. 139), and directed the government to respond. The government responded on January 28, 2020 (Dkt. 140), and Rushin has filed no reply.

The court hereby denies the motion to vacate. *Davis* recognized that 18 U.S.C. § 924(c)(3)(B) may be unconstitutionally vague where the underlying "crime of violence" was a conspiracy to violate the Hobbs Act. Such a conspiracy, *Davis* reasoned, was potentially not a crime of violence for sentencing purposes. 139 S.Ct. at 2324.

Here, however, Rushin was charged with, and convicted of, actual Hobbs Act robberies, not merely conspiracy to commit such robberies. Rushin and his partner engaged in a series of armed robberies of convenience stores in the Wichita, Kansas area. Rushin was not charged with any conspiracy (*see* Instructions, Dkt. 46), and the jury was expressly required to find that the robberies actually occurred. Courts have held that Hobbs Act robbery (as opposed to mere conspiracy) is a crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A). *See In re Cannon*, 931 F.3d 1236, 1242 (11th Cir. 2019); *United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir. 2019); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017); *Diaz v. United States*, 863 F.3d 781, 783-84 (8th Cir. 2017).

Further, in *United States v. Myers*, 786 Fed.Appx. 161, 162 (10th Cir. Nov. 27, 2019), the Tenth Circuit held that *Davis* would not cause it to reconsider its earlier ruling (in *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064 (10th Cir. 2018)), and "we would

reach the same conclusion: Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)."

IT IS ACCORDINGLY ORDERED this day of March, 2020, that the defendant's Motion to Vacate (Dkt. 135) is hereby denied.


s/ J. Thomas Marten
J. Thomas Marten, Judge